[Civ. No. 4966.   Fourth Dist.   Mar. 6, 1956.]

WILLIAM P. STRATTON et al., Respondents, v. DON L. HANNING, Appellant.

Mack, Bianco & King for Appellant.

Vincent P. DiGiorgio, Frye & Yudelson and Collman E. Yudelson for Respondents.

BARNARD, P. J.—The defendant leased to the plaintiffs an acre of land described as that portion of the defendant's ranch near Isabella, ''which lies between the barn and the nearby bend in the river.'' The lease was for five years from September 10, 1943, at $300 rental per year, with the privilege of renewing for another five years. In June, 1948, the United States government brought proceedings in the federal court to condemn the defendant's property and some

adjoining property belonging to a Mrs. Wolfe, in connection with the construction of a dam. The land was surveyed by the government and it was discovered that the leased premises belonged to Mrs. Wolfe and was not owned by the defendant. The plaintiffs had paid the defendant $1,500 up to that time and had continuously used the leased premises in connection with mining operations, having installed thereon certain buildings and machinery. The plaintiffs were served with a court order to vacate the property, and Mrs. Wolfe demanded that they pay her $2,050 as rent for the preceding five years. The plaintiffs agreed to do this and made an assignment of that amount to be paid to Mrs. Wolfe by the government, out of the damages which should be awarded to the plaintiffs. The plaintiffs then took the matter up with the defendant and he agreed to return to them the $1,500 he had received from them, when he received payment from the government for the land it was taking from him. He later refused to pay this amount and this action was brought.

The complaint alleged a first cause of action for money had and received, and a second cause of action setting forth an account stated. A third cause of action, in brief, alleged the making of the lease; the use of the premises and the payment of $1,500 for rent; the taking by the government and the discovery that the defendant did not own the leased property, or have the right to lease it; Mrs. Wolfe's ownership and right to lease and her demand for the rent; that the plaintiffs then informed the defendant of these facts which he admitted; and that the defendant then stated that he had no funds but that he would repay the $1,500 if the plaintiffs would wait until he received the funds which the government was to pay him for his own property. It was further alleged that the plaintiffs paid Mrs. Wolfe in reliance on the defendant's promise to return the $1,500; that the defendant repeatedly and over a long period promised to pay the $1,500 when he received his money from the government; that finally, in April, 1951, he informed the plaintiffs that he did not intend to pay the claim; that the plaintiffs relied on the defendant's representation repeatedly made that he would pay when he received his money from the government; that these representations were false and made by the defendant with the intention that the plaintiffs should rely thereon, and for the purpose of permitting the statute of limitations to expire before this action was brought; and that plaintiffs did not know that these representations were false, relied

on them, and did not know that the defendant had received his money from the government until April 13, 1951, about two months before this suit was brought. The defendant admitted the execution of the lease and the receipt of the $1,500, but denied the other allegations of the complaint, and as affirmative defenses set up the running of various statutes of limitation. The court found that all of the allegations of the complaint are true, and that all of the allegations of the answer inconsistent therewith are untrue, and as a conclusion of law found that the action was not barred by the statutes of limitation. It also found that the defendant was entitled to a credit of $100 on account of another matter not material here, and entered judgment in favor of the plaintiffs for $1,400.

On this appeal from the judgment the defendant contends that the finding that the plaintiffs paid Mrs. Wolfe in reliance on defendant's promise to repay the $1,500, is not supported by the evidence; that there was no consideration for the defendant's promise to pay the plaintiffs the $1,500 since that promise was made after the plaintiffs had agreed to pay Mrs. Wolfe; that a tenant is estopped to deny his landlord's title; and that this action was barred by the statute of limitations since the two-year statute applies, and the action was not brought until three years after the plaintiffs discovered the facts with respect to the ownership of the property. It is argued that the plaintiffs had use of the property for the full five years and suffered no injury; that the first and second causes of action are based on the third cause of action wherein the facts are specifically pleaded; and that the plaintiffs did not rely on the promise to repay made to them as alleged in the third cause of action, since before the defendant made that promise the plaintiffs had already agreed to pay the rent to Mrs. Wolfe.

The evidence shows and the defendant admitted that he repeatedly promised to pay this $1,500 when he received his money from the government. It also shows that the plaintiffs agreed to pay Mrs. Wolfe before the defendant made that promise to them; and that the money was actually paid to Mrs. Wolfe after the defendant's promise was made, although it was thus paid under an assignment made by the plaintiffs prior to the time the defendant's promise was made. The finding that the plaintiffs paid the money to Mrs. Wolfe in reliance on the defendant's promise to pay the $1,500 is not supported by the evidence, since they had agreed to do so

before that promise was made, but that fact is not controlling on this appeal. It clearly appears that the defendant did not own the leased property and had no right to lease it, and that he received $1,500 to which he was not entitled. ■ The first cause of action was for money had and received, and the findings on that cause of action are not rendered ineffective by the fact that one of the findings, on the third cause of action, is not in all respects supported by the evidence.

■ It is well settled that no contract is necessary to support an action for money had and received other than the implied contract which results by operation of law where one person receives the money of another which he has no right, conscientiously, to retain. Under such circumstances the law will imply a promise to return the money. ■ The action is in the nature of an equitable one and is based on the fact that the defendant has money which, in equity and good conscience, he ought to pay to the plaintiffs. ■ Such an action will lie where the money is paid under a void agreement, where it is obtained by fraud or where it was paid by a mistake of fact. (17 Cal.Jur., Money Received, §§ 1, 2, 9 and 12.) The court's findings in this regard are fully supported by the evidence, and there is no lack of consideration in the sense contended for by the defendant. ■ Moreover, the plaintiffs were not estopped to deny the defendant's title under these circumstances. They were not in possession when the action was filed and the usual rule does not apply where a lease is executed either through fraud or through a misapprehension as to the actual title. (*Kearney Inv. Co.* v. *Golden Gate Ferry Co.*, 198 Cal. 560 [246 P. 322]; *Yuba River Sand Co.* v. *Marysville*, 78 Cal.App.2d 421 [177 P.2d 642].) ■ After the tenancy has ended the reason for the rule has ceased to exist. (*Tewksbury* v. *Magraff*, 33 Cal. 237.)

With respect to the statute of limitations it is argued that the third cause of action is allegedly the result of a broken oral promise made by the defendant; that it does not state a cause of action for fraud; that the two-year statute of limitations set forth in section 339 of the Code of Civil Procedure had run during the year 1950 and this action was not begun until June, 1951; and that there was no written acknowledgment or waiver such as required by section 360.5 of that code. The court found, as a conclusion of law, that the action was not barred by the statute of limitations. While it is argued that this conclusion is not supported by the evidence, no contention is made that the basic facts upon which that conclusion

rests are not sufficiently supported. █ It was alleged and found, in effect, that the defendant misrepresented the facts as to his ability to pay at that time; that by his representations, which were relied on by the plaintiffs, he induced them to give him time in which to make the payment; that he agreed to make such payment out of a specific fund when he received that fund; that he misled them until the statute had run; and that they acted promptly when they discovered that he had received the fund. While there was no written waiver with respect to the statute, the facts found were sufficient to constitute an estoppel which would prevent the defendant from relying on that defense under the circumstances which here appear. The findings, as a whole and as supported by the evidence, are sufficient to sustain the judgment. The defendant admittedly received this money to which he was not entitled, the plaintiffs were obliged to pay rent to the real owner for the same period, and the defendant is not entitled in equity and good conscience to retain this money which was paid to him under a mistake of fact.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.